**IN THE COURT OF APPEALS OF IOWA**

No. 22-1873
Filed May 10, 2023

**IN THE INTEREST OF M.A.,**
**Minor Child,**

**M.A., Minor Child,**
        Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Joseph L. Tofilon,

District Associate Judge.


        A child appeals from disposition after she was adjudicated delinquent.

**AFFIRMED.**


        Alesha M. Sigmeth Roberts of Sigmeth Roberts Law, PLC, Clarion, for

appellant child.

        Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.


        Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

A child appeals from disposition after she was adjudicated delinquent. The child alleges the juvenile court abused its discretion when it ordered she be placed in a qualified residential treatment program rather than returned home. We affirm.

The factual basis for the adjudication was that the child drove off in a stranger's car from a gas station, without permission, and crashed into a ditch. The car was "totaled." After facing felony-equivalent charges, the child and the State entered into a negotiated resolution and stipulated to adjudication for delinquent acts that would constitute operating a vehicle without the owner's consent, an aggravated misdemeanor in violation of Iowa Code section 714.7 (2021).

Disposition was contested. The child requested she be returned home, while the juvenile court officer, the guardian, the mother, and the State all recommended placement in a qualified residential treatment program. The juvenile court ordered the child placed in the qualified residential treatment program based on these recommendations, the child's history as a runaway, concerns that the child was potentially a victim of human trafficking, and the seriousness of the offense and child's culpability. The child appeals, urging that the juvenile court failed to consider less-restrictive placements, such as outpatient therapy.

We first confront the State's argument about error preservation or waiver. The State correctly notes that the only disposition requested by the child below was to be returned home. And it is true that the child now sings a different song on appeal, urging options like outpatient therapy. *See State v. Rutledge*, 600

N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court."). However, because the full range of dispositional options was available to the juvenile court regardless of the child's request, we bypass the State's error-preservation concerns and proceed to the merits.

We review the evidence in delinquency adjudications de novo, but we evaluate the juvenile court's decision at disposition for an abuse of discretion. *See State v. Tesch*, 704 N.W.2d 440, 447 (Iowa 2005); *In re D.C.,* No.18-0976, 2019 WL 1752702, at *3 (Iowa Ct. App. Apr. 17, 2019). In rendering disposition following a delinquency adjudication, the General Assembly tasked the juvenile court with exercising its discretion to "enter the least restrictive dispositional order appropriate in view of the seriousness of the delinquent act, the child's culpability as indicated by the circumstances of the particular case, the age of the child, [and] the child's prior record." Iowa Code § 232.52(1).

We find the juvenile court did not abuse its discretion when it placed the child in a qualified residential treatment program. The predisposition report supports the court's comments about the child's history and her time as a runaway, as well as her escalating misconduct and deteriorating ability to regulate her behavior. We also defer to and credit the weight the juvenile court assigned to the guardian and mother's statements: both supported the placement and the child's need for intensive residential treatment, tempered with the hope that the child could soon return home.

The child's argument on appeal boils down to the complaint that "[n]o other less restrictive options were attempted first." But the child does not cite, and we

are not aware of, any requirement that the court must attempt every rung on the dispositional ladder before ordering a restrictive placement. The statute instead contemplates that the court exercise its judgment to select the least restrictive option for a particular child, given the unique facts of each case. *See* Iowa Code § 232.52(1). We recognize that, like criminal sentencing, this judicial function is more art than science. Given the standard of review, we find the juvenile court exercised its statutory discretion appropriately. Because the child has not offered any evidence of improper factors or clearly untenable reasoning, we affirm.

**AFFIRMED.**